## CALKINS v. BEEKMAN.

BENEFIT SOCIETIES — ENDOWMENT INSURANCE — INSOLVENCY —
TRUST FUND.

> Where a benefit society issued certificates payable at the
> expiration of a fixed period, which it was not authorized to
> do by the act under which it was organized, and afterwards
> went into the hands of a receiver, one who received moneys
> from the society for distribution among the holders of
> matured certificates, and distributed the same accordingly,
> without knowledge of the insolvency of the society, cannot
> be held liable to the receiver for the moneys so distributed,
> on the theory that he participated in the diversion of a trust
> fund.

Appeal from Alpena; Emerick, J. Submitted January
11, 1901. Decided July 2, 1901.

Bill by Charles W. Calkins, receiver of the Supreme
Assembly of the National Dotare, against John G. Beek-
man, John B. Tackabury, and Benjamin F. Pratt, for an
accounting as to an alleged trust fund. From a decree
for defendants, complainant appeals. Affirmed.

*Crane, Norris & Drew,* for complainant.

*Joseph H. Cobb,* for defendants.

MONTGOMERY, C. J. The complainant in this cause
brings this suit to compel an accounting and payment by
the defendants of the sum of $3,922.75, which he claims
was received by them under such circumstances as to
constitute them trustees, and liable in law for this money,
at his suit, as receiver of the Supreme Assembly of the
National Dotare. The facts are not much in dispute, and
are as follows:

The defendants Beekman and Tackabury and 20 other
persons, whose names are stated in the bill of complaint

in this cause, including Estella M. Pratt, the wife of the other defendant, Benjamin F. Pratt, were members of local assembly No. 11 of the National Dotare, and were each the holder of a matured certificate, entitling them, upon its face, to the payment of a definite sum of money. In November of the year 1896 the supreme assembly was not able to pay these sums in full, and entered into an agreement, which has been made an exhibit in this case, with these 22 certificate holders, to pay the amount of the certificates in three payments; 25 per cent. to be paid in cash on the 5th day of January, 1897, 25 per cent. to be paid in cash on the 5th day of February, and 50 per cent. to be paid on the 5th day of August, 1897; and, for the purpose of securing the payment of the 50 per cent. upon the said 5th day of August, they agreed that upon the 5th day of February, after the payment of the second installment of 25 per cent. of these certificates, they would assign to the defendants in this case real-estate mortgages to secure the payment of said 50 per cent., falling due, under the terms of the agreement, upon the 5th day of August. The defendants, Beekman, Pratt, and Tackabury, were named in that agreement as trustees to receive the assignment of these real-estate mortgages, and hold the same as security for the payment of said last-named installment of 50 per cent., and, after such payment was made by the supreme assembly, to reassign said mortgages.

It does not appear that these assignments were ever made, or that any action whatever was ever taken under this written agreement of November 10, 1896, between the supreme assembly on the one hand and these 22 certificate holders on the other. But it does appear that, for the mere convenience of the supreme assembly on the one hand and these 22 certificate holders on the other, the defendants acted as a committee to receive from the supreme assembly this sum of $3,922.75, and to distribute the same among the certificate holders already mentioned; and they did, on February 8th, or about that time, receive this sum, and deposit the same in the Alpena National

Bank to the order of the National Dotare, and afterwards checked out to each of these 22 certificate holders the respective share or sum due for the payment of 25 per cent. of such certificate holder's claim or obligation upon his certificate.

The complainant was appointed receiver on the 17th day of May, 1897. The defendants had no knowledge that the society was insolvent at the time the payments were made through them to the certificate holders. It is true, they knew the officers had not the money in hand to pay all matured certificates, but they were assured that they had securities which were ample when converted. The circuit judge decreed that the defendants Beekman and Tackabury repay the money paid them on their own certificates, but declined to charge any of the defendants with the money disbursed by them to the other holders of certificates. The complainant appeals, and complains that the defendants should be charged with the money which passed through their hands, on the ground that this fund is a trust fund, and that they have diverted it.

The case of *Calkins* v. *Bump*, 120 Mich. 335 (79 N. W. 491), is relied upon to sustain this claim. It is important to understand just what was decided in *Calkins* v. *Bump*. In that case an assignment of certain mortgages had been made to Bump by the officers of the National Dotare as *collateral security* to secure the payment by the society to certain certificate holders of the amount of their certificates in installments. Before the mortgages were in any part collected, the society became insolvent, a receiver was appointed, and Bump had notice of the appointment of a receiver. It was held that the certificates were not authorized by the law of the company's organization; that those who had paid in the money were equitably entitled to receive it back proportionately. The mortgages were decreed to belong to the receiver, and the defendant required to reimburse the receiver for the fund distributed. The case is distinguishable from this in the important particular that the money was collected and distributed by Bump

after a receiver had been appointed to distribute the funds under the rule laid down in *Burton* v. *Schildbach*, 45 Mich. 504 (8 N. W. 497), and *Stamm* v. *Benefit Ass'n*, 65 Mich. 317 (32 N. W. 710). The *Bump Case* does not hold that one who has been so unfortunate as to act as the mero conduit through which money has passed to those entitled to it under the scheme of the organization, and this while the corporation is a going concern, can be charged with the fund which has passed through his hands. Such a holding would, to us, seem inequitable. The complainant represents holders of certificates who have paid money into the treasury on the distinct understanding that it should be paid to the holders of the certificates on the maturity of the same. It does not seem to us that they should be heard to say, nor that their representative should be heard to say, that one whose agency in paying over this money was made possible by their own act, and who has in no way profited by said agency, should sustain the loss which the folly of the policy holders has brought upon themselves.

The decree should be affirmed.

MOORE, LONG, and GRANT, JJ., concurred. HOOKER, J., did not sit.